UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>                                    Petitioners,<br><br>-against-<br><br>ADF DESIGNS INC.,<br><br>                                    Respondent. | 19 CV _____<br><br><br><br>**PETITION TO CONFIRM<br>ARBITRATION AWARD** |

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

### NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement between the New England Regional Council of Carpenters ("Union") and ADF Designs Inc. ("Respondent").

### JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

1

## THE PARTIES

4. Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5. Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9). The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6. Respondent is a corporation incorporated under the laws of the State of New York and conducting business within the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Respondent maintains its principal place of business at 26 Scotchtown Collabar Road, Middletown, New York 10941.

## THE ARBITRATION AWARD

7. On July 15, 2014, Respondent entered into a collective bargaining agreement ("CBA") with the Union or a predecessor thereto. A copy of the CBA is attached hereto as **Exhibit A**.

8. The CBA provides that "[t]his Agreement shall become effective on 06/01/2014 and shall remain in effect until 05/31/19 and shall continue thereafter from year to year unless either party notifies the other party of their desire to modify or terminate this Agreement." Ex. A, Art. 28.

9. Upon information and belief, neither Respondent nor the Union provided notice to terminate the CBA. Respondent therefore remains bound to the CBA.

10. The CBA requires Respondent, *inter alia*, to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union ("Covered Work"). Ex. A, Art. 14, § 1.

11. The CBA further provides, that "[t]he Employer agrees that it is bound by and shall comply with the Agreements and Declarations of Trust and the Plans of the Empire State Regional Council of Carpenters Annuity Fund and Apprenticeship and Training Fund. The aforesaid Agreements and Declaration of Trust and Plans and the Rules and Resolutions adopted by the trustees of the said Funds, as the same may be amended from time to time, are hereby incorporated into and made a party of this Agreement." Ex. A, Art. 14, § 3.

12. The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy"). A copy of the Collection Policy is attached hereto as **Exhibit B**.

13. The Collection Policy defines "contributions" as the monetary contributions due to the Funds plus the supporting remittance report, shop report, or weekly payroll report." Ex. B, Art. 2.1(A).

14. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. Ex. B, Art. 2.3(A).

15. The CBA and the Collection Policy provides that the employer shall be liable for all costs incurred in collecting the delinquent contributions, including without limitation interest, liquidated damages, attorneys' fees, and arbitration fees. Ex. A, Art. 14, § 6; Ex. B, Art. 1.1(C)(4-5) and Art. 6.1-6.3.

16. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the minimum rate of 0.75% per month, compounded. Ex. B, Art. 2.1(D).

17. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced. The amount of the liquidated damages shall be 20% of the delinquent Contributions." Ex. B, Art. 6.1.

18. A dispute arose when, in violation of the CBA, Respondent failed to submit contributions owed to the Funds for the period March through September 2019, in the amount of $57,986.72.

19. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail. A copy of the Notice of Intent to Arbitrate Delinquency is attached hereto as **Exhibit C**.

20. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated September 28, 2019, determining said dispute (the "Award"). A copy of the Award is attached hereto as **Exhibit D**.

21. Pursuant to the Award, the arbitrator found that Respondent was in violation of the terms of the CBA and ordered Respondent to pay the Funds the sum of $71,901.64, consisting of delinquent contributions in the amount of $57,986.72, interest of $1,489.37, liquidated damages of $10,775.55, attorneys' fees of $900 plus interest on the attorneys' fees at the rate of 10% from the date of the Award, and the arbitrator's fee of $750 pursuant to the CBA. *See* Ex. D.

22. On or about October 11, 2019, ADF remitted a partial payment in the amount of $10,030.51.

23. Respondent has otherwise failed to abide by the Award.

24. The Award has not been vacated or modified and no application for such relief is currently pending.

25. This petition is timely as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

26. 27. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award and the CBA and Collection Policy. *See* Ex. A. Art. 14, § 6; Ex. B, Art. VI; 6.2.

27. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are attached hereto as **Exhibit E**.

28. I, Marlie Blaise ("MB" in the accompanying billing records) am a 2018 graduate of Florida State University College of Law and an associate at V&A. My primary practice area is

5

the representation of multiemployer employee benefit plans in ERISA litigation. V&A billed my time at a rate of $225 per hour.

29. Nicole Marimon ("NM" in the accompanying billing records), is a 2014 graduate of Fordham University School of Law, and a partner at V&A. Since graduating law school and being admitted to the New York State bar, she has handled the prosecution of and served as lead counsel on numerous ERISA collections actions. V&A billed Ms. Marimon's time at a rate of $300 per hour.

30. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.

31. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

32. V&A's total billings in this matter amount to $1,217.50 reflecting 5.1 hours of work. *See* Ex. E.

33. In addition, V&A will also advance $475 in court filing and service fees and postage upon the filing of the instant petition.

34. Accordingly, Petitioners are entitled to recover $1,692.50 in attorneys' fees and costs incurred in connection with this matter.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;

2. Award judgment in favor of Petitioners and against Respondent in the amount of $71,901.64 pursuant to the Award, less the payment made towards the Award of $10,030.51, plus interest from the date of the Award through the date of judgment;

6

3. Award judgment in favor of the Petitioners and against Respondent in the amount of $1,692.50 in attorneys' fees and costs arising out of this petition; and

4. Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York
October 30, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/  Marlie Blaise
Marlie Blaise, Esq.
Nicole Marimon, Esq.
40 Broad Street 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
*Attorneys for Petitioners*